# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ONTARIO A. DAVIS,**

        Petitioner,

v.    **Case No. 05-CV-95**

**MATTHEW FRANKS,**

        Respondent.

## ORDER ON THE HABEAS CORPUS PETITION

Ontario A. Davis ("Davis"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment at the Oxford Federal Correctional Institution. Proceeding *pro se,* he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the State is required to answer Davis' petition, the court must determine whether, from the face of the petition, it is apparent that Davis is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases.

Davis initially filed his petition on January 27, 2005. By order dated July 11, 2005, this Court found the petition defective and ordered Davis to file an amended petition for the following reasons: his petition failed to reveal whether he had exhausted all state court remedies or provide reasons for failing to do so. Davis filed his amended petition on August 11, 2005 after asking for and receiving an extension. The amended petition is now ready for screening.

Davis pled guilty to second-degree reckless homicide while armed and to first-degree reckless endangerment of safety while armed. He was subsequently convicted of both counts and now alleges that his convictions were defective because he unknowingly and involuntarily entered guilty pleas. Davis further alleges his conviction on count two, for first-degree reckless endangerment of safety while armed, was defective for the following additional reasons:

1) Wisconsin statute §941.30(1) is unconstitutional or was unconstitutionally applied; 2) ineffective assistance of trial counsel; 3) improper imposition of a consecutive sentence by the trial judge; and 4) ineffective assistance of appellate counsel.

In Davis' amended petition he claims to have exhausted all state remedies but the petition states he failed to appeal to the Supreme Court of Wisconsin. (Pet. at II(B)). Accordingly, a federal court cannot generally hear a petition with unexhausted claims, unless distinguishing circumstances exist. However, a review of the submissions indicates that the Supreme Court of Wisconsin was petitioned, but it denied review.

From a review of the petition, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Therefore, the state will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default if applicable.

**IT IS THEREFORE ORDERED** that a copy of Davis' petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers that do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information now being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of October, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge